NEHEMIAH H. YOUNG *vs.* WILLIAM B. ARGO.

Sussex County, October Term, 1893.

**Conditional Sale. Rescission.**—In a case of a conditional sale or exchange the party desiring to rescind must return or tender a return of all the property received by him under the terms of the sale or exchange, and within a reasonable time.

**Same.  Contract.**—The question as to what is a reasonable time within which the rescission of a contract shall be made is a question for the court under the circumstances of such case.

**Same.**—A detention of the property for four days after deciding to rescind, is an unreasonable time where the parties live within two miles of each other.

REPLEVIN.—The facts of the case appear in the charge of the court.

MARVEL, J. (charging the jury.)

This is an action of replevin brought to recover the value of one light bay mare which it is claimed has been illegally detained, with other damages which plaintiff alleges to have suffered by the illegal detention. To sustain his claim and entitle the plaintiff to recover, he must prove his right to the possession of the light bay mare and the wrongful detention of her by the defendant. The defendant sets up in defence to the claim of the plaintiff that the mare is his and that he is entitled to the possession by and through an exchange made by him on the 21st day of March, 1892, when he gave the plaintiff another mare, three dollars in money and a part of a stack of hay, of the value of two dollars, in exchange for the light bay mare, the property in controversy. To this the plaintiff replies that the contract of exchange was upon condition that the mare he received from the defendant should prove satisfactory to him after he had tried her, and that otherwise he had the right to rescind the contract, according to the terms thereof, and within a reasonable time.

If from all the evidence in the case you believe that the exchange, which is admitted to have been made, was unconditional and complete on the 21st day of March, 1892, when it was made, then the defendant is entitled to the light bay mare, the property in controversy, and should have a verdict for costs in this suit.

But if you believe from all the evidence in the case that the contract of exchange was a conditional one, and the plaintiff, Nehemiah H. Young, had a right to rescind, then in that case the law requires a party who would rescind to return or tender a return of

all the property received by him under the terms of the sale or exchange, within a reasonable time. In other words, in order to rescind a contract it is incumbent upon the party attempting to do so to place the other party in the position he was before the contract was made as to the subject matter of the contract and within a reasonable time. If therefore you believe that the contract of exchange was a conditional one, as alleged, with the right to rescind, and that the plaintiff did rescind, in accordance with the agreement and the law as the Court has given it to you, then your verdict should be for the plaintiff for the value of the light bay mare as proven at the time of the taking, and such interest from the time of detention as you may deem proper, provided he rescinded within a reasonable time.

The question of what is a reasonable time within which the rescission of a contract shall be made is a question for the Court, and may vary according to the circumstances of the case in question. In the present case the plaintiff admits that he notified the defendant on Friday after the exchange on Monday that the mare was not satisfactory, and alleges that through the promises of the defendant to come and look at her he retained the mare three days thereafter, and returned her on the fourth day. If you believe these to be the facts in this case, that is, that the delay of the plaintiff in returning the mare after deciding she was not satisfactory to him was induced by the statements of the defendant, then under these circumstances the Court say to you the following Monday was a reasonable time in which the plaintiff might rescind the contract. But if you believe the plaintiff made up his mind on Friday following the day of the exchange that the mare would not suit him, and that the defendant's action did not induce him to delay the return, then in that case the following Monday was not a reasonable time, as he should have returned the horse without undue delay, and with such promptitude and despatch as the circumstances of the case would admit, and as in this case the parties lived within two or three miles of each other the plaintiff to have rescinded the contract within a reasonable time should have done it on the day

or day after he had reached the decision that the mare did not prove satisfactory.

*Verdict for plaintiff for $103.78.*

*Causey & White,* for plaintiff.

*Richards,* for defendant.